Opinion delivered May 28, 1887.

No. 5473.

C. HOLTZGRAFT ET ALS. *v.* THE STATE.

HUNTING AND FISHING ON THE ENCLOSED LANDS OF ANOTHER.—INFORMATION, to be sufficient to charge the offense defined by the act of March, 31, 1885, entitled, "an act to prevent fishing and hunting on the enclosed lands of another," must expressly allege, not only want of consent of the owner to the entry upon the land, but also the want of the like consent of the "proprietor and the agent in charge."

APPEAL from the County Court of Bell. Tried below before the Hon. J. M. Rosborough, County Judge.

The appellant and W. J. Mathews, I. W. Mathews, Henry Habberman and F. R. Gates were tried and convicted for the offense of hunting and fishing on the enclosed lands of J. Q. Shelley, J. T. Reed and E. T. Reed, and the punishment assessed against each was a fine of five dollars. The disposition made of the appeal does not call for a statement of the facts proved.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This was a prosecution by infor-

mation, under the Act approved March 31, 1885 (Gen. Laws 19th Leg., p. 80), entitled "An Act to prevent fishing and hunting on the enclosed lands of another."

As charged in the information the offense is set out in the following language, to-wit: that defendants "did then and there, unlawfully acting together and with each other, enter upon the enclosed and posted lands of J. Q. Shelley, J. T. Reed and Ed. T. Reed, without the consent of the owners, and did therein hunt with fire arms; and the said posted and enclosed lands of J. Q. Shelley, J. T. Reed and Ed. T. Reed have less than two thousand acres in said enclosure, contrary," etc.

A motion was made to quash the information, in effect because the same did not negative the fact that the entry was made upon the land without the consent of the proprietor or agent in charge of the same. This motion was overruled by the court.

We are of opinion that the ruling of the court was erroneous, and that the motion should have been sustained. The language of the Act upon which the information is based is as follows: "Section 1. That any person who shall enter upon the enclosed and posted land of another without the consent of the owner, proprietor, or agent in charge, and therein hunt with fire arms, or therein catch or take any fish from any pond, lake or tank, shall be punished by fine of not less than five nor more than one hundred dollars."

To be valid under this statute, the information should expressly negative the want of consent of all the parties named in the statute, and a failure to do so will render it invalid.

Because the information in this case fails to charge the statutory offense, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*